RAMIREZ, P.J., Concurring and Dissenting
Today my colleagues hold that the juvenile court erred by terminating parental rights of D.H., Sr., a noncustodial father, because no unfitness or detriment finding had been made as to him prior to severing the familial relationship. I agree that the juvenile court erred, but I dissent from the majority's assumption that no finding of detriment had ever been made and that father's noncustodial status had not been interrupted by a removal of custody, when the record is incomplete. In my view, remand should be ordered to direct the juvenile court to review the probate guardianship file to determine the nature of the factual findings made in that proceeding, where, as a matter of law, custody was removed from both parents.
DISCUSSION
The majority concludes that reversal of the termination of parental rights is required because there was never a finding of detriment against father, nor was there a removal of custody from him. This is a bold statement given that at no time has this court, nor the trial court, nor any of the parties sought to review the guardianship file.
Because the appointment of a guardian involves an award of custody to a nonparent, there was necessarily a removal of custody from both parents. The question is whether that guardianship was instituted upon nomination by the parents, or by a petition filed by the grandparents.
A guardian may be nominated by a parent ( Prob. Code, § 1500 ; Guardianship of Vaughan (2012) 207 Cal.App.4th 1055, 1069, 144 Cal.Rptr.3d 216 ), or a nonparent may petition for appointment of a guardian on the ground it is necessary or convenient. ( Prob. Code, §§ 1510, subd. (a) & 1514, subd. (a).) If the parents have consented to the appointment of a guardian, the court need only find that guardianship is necessary or convenient. ( Prob. Code, § 1514, subd. (a).) In such a situation there is no finding *738 of detriment or unfitness; the court merely determines if guardianship is necessary or convenient. ( Prob. Code, § 1510, subd. (b).) However, if the parents did not initiate or consent to the guardianship, the Probate Code expressly specifies that the appointment of a guardian is governed by the Family Code chapters beginning with sections 3020 and 3040, pertaining to parental custodial rights and preferences. ( Prob. Code, § 1514, subd. (b)(1).)
Family Code section 3020 declares that the health, safety, and welfare of the child is the court's primary concern, and that it is the public policy of the state to assure that children have frequent and continuing contact with both parents after separation or dissolution of marriage or the end of their relationship, except where the contact is not in the child's best interest, as provided in Family Code section 3011. Family Code section 3040 lists the statutory order of preference for custody of a child. Significantly, Family Code section 3041, subdivision (a), provides in part that "Before making an order granting custody to a person or persons other than a parent, over the objection of a parent, the court shall make a finding that granting custody to a parent would be detrimental to the child and that granting custody to the nonparent is required to serve the best interest of the child."
The majority contends that a parent must be found "unfit" before parental rights can be terminated in a dependency and that the court's mistaken belief that it *320 had denied father services under Welfare and Institutions Code section 361.5, subdivision (a), means that the sole basis for termination of his rights was a best interest analysis. (Maj. opn. pp. 16-17.) This conclusion is based on speculation that the probate court did not remove custody from father based upon a finding of detriment. However, although the term "unfit" is not actually defined by statute, case law reveals the term "describes the situations that bring a minor within the dependency jurisdiction of the juvenile court." ( Guardianship of Christian G. (2011) 195 Cal.App.4th 581, 602-603, 124 Cal.Rptr.3d 642, citing Guardianship of Kaylee J. (1997) 55 Cal.App.4th 1425, 1431, fn. 2, 64 Cal.Rptr.2d 662.) Detriment, as that term is used in dependency proceedings, is the standard. It is the standard used in dependency proceedings to remove custody from a parent and eventually terminate parental rights. (See Cynthia D. v. Superior Court (1993) 5 Cal.4th 242, 256, 19 Cal.Rptr.2d 698, 851 P.2d 1307 ( Cynthia D. ))
The Court in Cynthia D. explained that unlike termination hearings evaluated in Santosky v. Kramer (1982) 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599, and In re Angelia P . (1981) 28 Cal.3d 908, 171 Cal.Rptr. 637, 623 P.2d 198 (holding that a finding of unfitness by clear and convincing evidence pursuant to Civil Code section 232 did not violate due process), Welfare and Institutions Code section 366.26 hearings were not intended to accumulate *739 further evidence of parental unfitness and danger to the child, but to begin the task of finding the child a permanent alternative family placement. ( Cynthia D., supra, 5 Cal.4th at p. 253, 19 Cal.Rptr.2d 698, 851 P.2d 1307.) The Court stated, "By the time dependency proceedings have reached the stage of a section 366.26 hearing, there have been multiple findings of parental unfitness." ( Ibid. ) Yet, nowhere in the 1987 statutory scheme is a juvenile court required to find either an unfit home (as would have been adjudicated under the pre-1987 version of section 300, subdivision (d) [1982 Stats., ch. 977, § 2.5, p. 3503].) Instead, Welfare and Institutions Code section 361 authorized removal of custody upon a finding a substantial danger to the physical health, safety, protection, or physical or emotional well-being of the minor. ( Welf. & Inst. Code, § 361, subd. (c)(1).)
It is apparent that in finding the scheme (which permits termination of parental rights without any finding of unfitness) passed constitutional muster, our Supreme Court considered the terms "unfitness" and "detrimental" to be equivalents, because it concluded that unfitness had been established despite the fact that at no time in a dependency proceeding is a parent found to be unfit. The only way to reconcile the court's holding that the due process concerns of Santosky had been met ( Cynthia D., supra, 5 Cal.4th at p. 256, 19 Cal.Rptr.2d 698, 851 P.2d 1307 ), is to equate the two concepts.
The term "unfitness" is not a "talismanic incantation" that imposes a higher standard. My interpretation finds support in Supreme Court precedents predating the 1987 revisions. As far back as 1974, the California Supreme Court has recognized that parental rights may be terminated upon a showing of detriment, insofar as unfitness was no longer the standard. ( In re B.G. (1974) 11 Cal.3d 679, 683, 695, 699, 114 Cal.Rptr. 444, 523 P.2d 244.)
Similarly, in guardianship proceedings, early authorities held that parents were entitled to retain custody unless affirmatively found unfit. ( Guardianship of Ann S. (2009) 45 Cal.4th 1110, 1122-1123, 90 Cal.Rptr.3d 701, 202 P.3d 1089, citing 14 Witkin, Summary of Cal.Law (10th ed. 2005), Wills and Probate § 928, pp. 1031-1032.) Although the court noted the significant *321 differences between a Probate Code guardianship and dependency proceedings ( Guardianship of Ann S., supra, 45 Cal.4th at p. 1122, 90 Cal.Rptr.3d 701, 202 P.3d 1089 ), it observed that the appointment of a guardian is governed by Family Code chapters beginning with sections 3020 and 3040, requiring a finding of detriment. ( Prob. Code, § 1514, subd. (b) ; Guardianship of Ann S., supra, 45 Cal.4th at p. 1123, 90 Cal.Rptr.3d 701, 202 P.3d 1089.) As indicated above, the detriment standard used is the same standard applied in dependency proceedings.
I agree that there are separate and distinct purposes of the juvenile, family, and probate courts ( In re J.T. (2014) 228 Cal.App.4th 953, 961, 175 Cal.Rptr.3d 744 ), but the principle that parenting is a fundamental right (see *740 Stanley v. Illinois (1972) 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 [parenting is a basic civil right]; In re B.G., supra, 11 Cal.3d at pp. 688-689, 114 Cal.Rptr. 444, 523 P.2d 244 ) is a thread that runs through all three, applicable in Family Court, Probate Court, and Juvenile Court. The majority has pointed to no authority suggesting that the definition of detriment sufficient to warrant an award of custody to a nonparent in a Family Law or Probate guardianship case is lesser than the standard of detriment applicable in dependency proceedings. All require a showing that parental custody presents a substantial risk of harm to the child,[1] and none require a finding of unfitness.
Here, we know that the grandparents were appointed as guardians in 2010, but we do not know the basis for the appointment of legal guardians, and the trial court did not have that information before it. Without that information, it is impossible to say that there has never been a finding of detriment as to father. Even if father consented to the guardianship, the judgment making the child a ward of his grandparents necessarily involved a removal of custody from his parents in order to award custody to the guardians.
Moreover, if the grandparents filed a petition that was contested, there would necessarily have been a detriment finding pursuant to Family Code section 3041, subdivision (a), to warrant the award of custody to a nonparent. In probate guardianships, a finding of detriment made in accordance with Family Code section 3041, must be established by clear and convincing evidence, so unless father consented to the guardianship, the appointment of a legal guardian of D.H. necessarily comported with Santosky and due process. If such a finding was made, the judgment terminating parental rights is proper because there has been both a detriment finding and a removal of custody from the father.
The failure of the parties, the juvenile court, and now this Court, to review the Probate Court file pertaining to the guardianship in order to determine what type of petition was filed, as well as the nature of the findings and order that were made as to that petition, precludes us from making any determination that there has never been a finding of detriment made against father. We just do not know, and it is inappropriate for us to engage in fact-finding on appeal. Further, it is legally and factually incorrect to say that the child had never been removed from father's custody. The appointment of a legal guardian necessarily involved a removal of legal and physical custody from the parents, so whether they agreed to it or not, there has been a removal of custody from father.
*322 *741 The majority notes that there has never been a juvenile dependency petition filed against father. (Maj. opn. p. 16) However, if the child had been judicially removed from father's custody upon a finding of detriment in the guardianship matter, naming him in the dependency petition or removing custody from him-again-at the disposition hearing would have been redundant, and the law neither does nor requires idle acts. ( Civ. Code, § 3532.) It is for this reason that, on remand, the trial court should first review the entire probate guardianship file to determine whether custody has previously been removed from father upon a finding of detriment.
In any event, the trial court should have followed the proper procedures for termination of the guardianship, as set forth in Welfare and Institutions Code section 366.3, subdivision (b)(2) and (3), where parental rights were not previously terminated. Following this procedure would give the juvenile court an opportunity to consider father's current circumstances and allow father to request custody of his child and afford the court an opportunity to determine whether an award of custody to father would be detrimental within the meaning of Welfare and Institutions Code section 361.2.
For this reason, I am compelled to agree that the judgment must be reversed. However, in my view the remand should direct the juvenile court to ascertain from the Probate Court guardianship file whether detriment was found in the course of those proceedings. If detriment was found there, the order terminating parental rights should be reinstated and the adoption should proceed because he was not a noncustodial parent within the meaning of Welfare and Institutions Code section 361.2, who would be entitled to custody. (See In re A.A. (2012) 203 Cal.App.4th 597, 609, 136 Cal.Rptr.3d 912 [definition of noncustodial parent does not include a parent from whom child has been removed upon a finding of detriment].)
If there was no finding of detriment in the process of appointing the legal guardians, the juvenile court should proceed pursuant to Welfare and Institutions Code section 361.2, to determine if placement with a noncustodial parent would be detrimental.
For these reasons, I dissent from the views expressed by the majority, although I concur in the judgment.

It should be noted that Family Code section 3041, subdivision (c), states only that the definition of "detriment to the child" includes the harm of removal from a stable placement, and in no way limits a finding of detriment to such situations.